UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

```
_____
                              )
WALTER RAUDONIS, as trustee for )
the WALTER J. RAUDONIS 2016    )
REVOCABLE TRUST, BRAD HONEYCUTT,)
DAVID HOLLAND and JEREMY DAVIS, )
individually and on behalf of all)
others similarly situated,     )
                              )
              Plaintiffs,      )
                              )           Civil Action
v.                             )           No. 20-10107-PBS
                              )
REALTYSHARES, INC., RS LENDING,)
INC., NAVJOT ATHWAL, EDWARD    )
FORST, IIRR MANAGEMENT SERVICES,)
LLC, and JOHN DOES I-VII,      )
                              )
              Defendants.      )
_____)
```

**MEMORANDUM AND ORDER**

December 16, 2020

Saris, D.J.

**INTRODUCTION**

Plaintiffs filed this class action against defendants RealtyShares, Inc. (RealtyShares); RS Lending, Inc. (RS Lending); IIRR Management Services, LCC (IIRR); Najvot Athwal; and Edward Forst[1]. They assert violations by all defendants of the Securities Exchange Act of 1934, 15 U.S.C. § 78a et seq.; California's Blue Sky Law, Cal. Corp. Code § 25401 et seq.; and the common law. They allege that the individuals were directors

---

[1] Plaintiffs also named John Does I-VII.

1

and officers of RealtyShares and RS lending and are liable as control persons under Section 20(a) of the Exchange Act and state law.

RealtyShares filed a petition for bankruptcy under Chapter 7 of the United States Bankruptcy code, triggering an automatic stay of proceedings against the company. RealtyShares's codefendants filed motions to suspend deadlines and extend the stay to all non-debtor defendants. For the reasons set forth below, the Court **ALLOWS** the defendants' motions to suspend deadlines and stay proceedings.

## FACTUAL BACKGROUND

RealtyShares owns an online investment platform for real-estate crowdfunding services. The members of the plaintiffs' putative class used the RealtyShares platform to purchase debt securities for private real estate investments allegedly worth millions of dollars. The plaintiffs claim that RealtyShares and its subsidiary, RS Lending, made false representations about the investments. For instance, they assert that the defendants falsely represented that they had conducted due diligence on a loan sponsor and borrower, Franchise Growth, LLC. They further allege that the defendants falsely conveyed that certain loans would be structured so that proceeds would be disbursed over time, when in fact the loans were disbursed upfront.

On August 5, 2020, IIRR, the successor to RealtyShares, filed notice with this Court stating that RealtyShares had filed a voluntary petition for bankruptcy relief in the Northern District of California.  The notice further explained that the bankruptcy petition by RealtyShares operates as a stay on proceedings pursuant to 11 U.S.C. § 362(a)(1).  IIRR further asserted that, as a result of the stay imposed pursuant to 11 U.S.C. § 362, the continuation of the present case is stayed to all parties.

IIRR then filed a motion to suspend deadlines, arguing that the automatic stay should apply to all parties.  Defendants RS Lending, Athwal, and Forst filed a separate motion to stay proceedings.  They requested that this Court find that the case was automatically stayed in light of the bankruptcy proceedings, or, in the alternative, that this Court use its discretion to stay the case to avoid duplicative proceedings.

## MOTIONS TO STAY PROCEEDINGS AND SUSPEND DEADLINES

### I.   Legal Standards

11 U.S.C. § 326(a)(1) provides that the filing of a petition under Sections 301, 302, or 303 of the United States Bankruptcy Code operates as a stay of

> the commencement or continuation, including the issuance or employment of process, of a judicial, administrative, or other action or proceeding against the debtor that was or could have been commenced before the commencement of the case under this title,

>or to recover a claim against the debtor that arose before the commencement of the case under this title.

Such stays also prohibit "any act to obtain possession of property of the estate or of property from the estate or to exercise control over property of the estate." Id. § 362(a)(3).

Courts recognize that a stay can apply to non-debtors "when a claim against the non-debtor will have an immediate adverse economic consequence for the debtor's estate." Queenie, Ltd. v. Nygard Int'l, 321 F.3d 282, 287 (2d Cir. 2003). "[E]xtensions of the stay to protect non-debtor parties are the exception, not the rule," however, "and [they] are generally not favored. Thus, the movant must show by 'clear and convincing evidence' that extension of the stay is warranted," and the extension of an automatic stay to non-debtors is considered "*extraordinary* relief." FPSDA II v. Larin (In re FPSDA I, LLC), Ch. 11 Case No. 10-75439, Adv. No. 12-08032, 2012 WL 6681794, at *8 (Bankr. E.D.N.Y. Dec. 21, 2012), as corrected (Dec. 26, 2012) (emphasis in original).

This Court also has the authority to stay proceedings on equitable grounds to ensure judicial economy. See Landis v. N. Am. Co., 299 U.S. 248, 254-255 (1936). This power is discretionary. Yiming Wang v. Xinyi Liu, 584 B.R. 427, 434 (D. Mass. 2018). A stay based on the court's discretion may be appropriate when "the allegations against co-defendants are

4

derivative of claims against the [co-defendant] company [in bankruptcy proceedings]." Id.

## II. Analysis

### A. IIRR

The parties agree that, because IIRR is a successor to RealtyShares, the plaintiffs cannot proceed against IIRR without also proceeding against RealtyShares. Accordingly, the Court grants IIRR's motion seeking to stay proceedings against IIRR.

### B. RS Lending and the Individual Defendants

#### 1. Whether the Proceedings Must Be Stayed under 11 U.S.C. § 326(a)

As the defendants concede, "[g]enerally, the automatic stay is limited to debtors and does not encompass non-bankrupt co-defendants." Mercier v. GMAC Mortg. LLC, No. 3:11-CV-1379 (CSH), 2012 WL 1856443, at *1 (D. Conn. May 21, 2012) (citations omitted); see also Bankart v. Ho, 60 F. Supp. 3d 242, 246 (D. Mass. 2014). "A non-debtor can claim the protection of a debtor's stay only in 'unusual circumstances.'" Gray v. Hirsch, 230 B.R. 239, 242 (S.D.N.Y. 1999) (quoting A.H. Robins Co. v. Piccinin, 788 F.2d 994 (4th Cir.1986)). "Such circumstances arise when: (i) the non-debtor and debtor enjoy such an identity of interests that the suit of the non-debtor is essentially a suit against the debtor; or (ii) the third-party action will have an adverse impact on the debtor's ability to accomplish

5

reorganization." In re Slabicki, 466 B.R. 572, 580 (B.A.P. 1st Cir. 2012) (internal quotation marks and citations omitted); see also A.H. Robins Co., 788 F. 2d at 999 (holding that extensions of a stay to a non-debtor arise when there is "such identity between the debtor and [non-debtor] that the debtor may be said to be the real party defendant and that a judgment against the [non-debtor] will in effect be a judgment . . . against the debtor.").  In these rare cases, the protections of the bankruptcy code are extended to non-debtors.  The Fourth Circuit said that one such circumstance was where a non-debtor is "entitled to absolute indemnity by the debtor." A.H. Robins Co., 788 F.2d at 999.

The defendants argue that RealtyShares, and not RS Lending, Athwal, or Forst, is the real party in interest to this suit, and that the others share an identity of interest.

In support of this contention, the defendants cite Villafañe-Colon v. B Open Enters., Inc., 932 F. Supp. 2d 274 (D.P.R. 2013).  There, the court issued an injunction extending an automatic stay where the plaintiff conceded that "the non-debtor defendants have almost a complete identity of interests with [the debtor defendant] and proceedings against them have the potential to impact [the debtor defendant's] bankruptcy." Id. at 280.  Because all of the defendants were commonly owned and managed, with "interrelated, intertwined and intermingled"

6

business operations, the court determined that "unusual circumstances . . . justifying a stay against the non-debtor defendants" were present.  Id. at 281.

In the present case, similarly, the defendants point out that RS Lending was merely a "wholly owned subsidiary" with the sole purpose of issuing notes and processing payments through the online platform owned and operated by RealtyShares.  But cf. In re Panther Mountain Land Dev., LLC, 686 F.3d 916, 923–24 (8th Cir. 2012) (explaining that an "automatic stay does not, in general, apply to actions against parties who enjoy factual or legal relationships with a debtor, such as a debtor's wholly owned subsidiaries," but "recogniz[ing] the possibility of expanding the automatic stay when presented with unusual, rare, or limited circumstances" (internal quotation marks omitted) (emphasis in original)).  They argue that the plaintiffs do not take issue with the notes issued by RS Lending or any action by RS Lending in isolation.  And they contend that the plaintiffs do not identify any independent cause of action against RS Lending that does not also involve RealtyShares.  Finally, they note that the plaintiffs seek to hold RS Lending, as well as the individual defendants, jointly and severally liable with RealtyShares.

The plaintiffs, in response, argue that their complaint alleges direct misrepresentations by RS Lending and the

individual defendants, and not just RealtyShares. For instance, they allege that RS Lending made direct representations in the Private Placement Memoranda that it issued to the plaintiffs. But, in their complaint, the plaintiffs indicate that both RealtyShares and RS Lending provided them with the Placement Memoranda. Because the plaintiffs make no allegations with regard to RS Lending that are separate and apart from their allegations against RealtyShares, the alleged liability of these two entities appears to be intertwined. See Villafañe-Colon, 932 F. Supp. 2d at 281.

The defendants make similar arguments with regard to Athwal and Forst, whom they assert "were made parties to these proceedings solely by virtue of leadership positions they once held at RealtyShares." Dkt. 53 at 15-16. Likewise, they allege that the only misrepresentations that the individual defendants might have made were those that appeared in RealtyShares documents that they signed as executives.

The plaintiffs contend that Athwal and Forst are liable for their own affirmative actions they took in their capacity at RealtyShares to perpetuate the fraud and as control persons. True enough, in some circumstances some courts have allowed claims against individual officers to proceed in spite of an automatic stay so long as liability is not visited on the debtor. See, e.g., In re Thornburg Mortg., Inc. Sec. Litig.,

8

824 F. Supp. 2d 1214, 1280 (D.N.M. 2011) (involving claims of control-person liability under Section 20(a) of the Exchange Act); In re Green Scene, Inc., No. 10-B-72521, 2010 WL 2465399, at *1 (Bankr. N.D. Ill. June 16, 2010) (involving claims of a "responsible officer penalty" for liability on tax obligations). The plaintiffs in the present case, in contrast, make no separate allegations of fraud against Athwal and Forst in their complaint.  In fact, the plaintiffs' Amended Complaint does not make specific claims against the individual defendants apart from those tied to the debtor-defendant, RealtyShares, or their roles as directors within it.

This outcome is bolstered by the fact that RealtyShares has agreed to indemnify Athwal and Forst.  Courts routinely recognize "a suit against a third-party who is entitled to absolute indemnity by the debtor on account of any judgment that might result against them in the case" to be an "unusual circumstance" that would mean that a "judgment against the third-party defendant will in effect be a judgment or finding against the debtor."  See A.H. Robins Co., 788 F.2d at 999.

Relying on a different line of cases, the plaintiffs argue that other courts have declined to find automatic stays extended to non-bankrupt officers and directors in cases involving Chapter 7 bankruptcies, such as this one. Several courts have granted stays against non-debtors in the case of Chapter 11

bankruptcies because allowing litigation against non-debtors to proceed could adversely impact the debtor's reorganization efforts. See Gray, 230 B.R. at 243 ("The broader rule here is that a debtor's stay may extend to a non-debtor only when necessary to protect the debtor's reorganization."). And indeed, some courts are reticent to extend automatic stays in Chapter 7 cases, where there is no reorganization effort. See In re First Cent. Fin. Corp., 238 B.R. 9, 20 (Bankr. E.D.N.Y. 1999) (declining to find an automatic stay extension where "there is no reorganization effort which would require the participation of the Officers and Directors"). But at least one court within this circuit has enjoined proceedings against non-debtors where the case involved Chapter 7 bankruptcy and the non-debtor corporations and the debtor corporation shared an identity of interest. See Villafañe-Colon, 932 F. Supp. 2d at 281–82. I agree with defendants that whether the non-debtor and debtor share an identity of interests is a question separate and apart from that of whether "the third-party action will have an adverse impact on the debtor's ability to accomplish reorganization." See In re Slabicki, 466 B.R. at 580. Under either circumstance, a stay can be extended to non-debtors.

In short, the pleadings in this case make it difficult to disentangle the liability of RealtyShares, RS Lending, and the individual defendants. Because the operations and alleged

malfeasance of the defendants were "interrelated, intertwined and intermingled," see Villafañe-Colon, 932 F. Supp. 2d at 281, extension of the stay in this case appears to be appropriate.

Relatedly, the defendants argue that the automatic stay must be extended because a judgment against RS Lending and the individual defendants would interfere with RealtyShares's property interests. In support, they cite 11 U.S.C. § 362(a)(3), which requires a stay of "any act to obtain possession of property of the estate or of property from the estate or to exercise control over property of the estate." Because RealtyShares shares an insurance policy with RS Lending, Athwal, and Forst, the defendants argue that RealtyShares's bankruptcy estate will be adversely affected if the stay is not extended.

Plaintiffs quarrel with the argument that the common ownership of an insurance policy justifies extending the stay. What matters, they say, is who owns the proceeds of the policy. Regardless, here the defendants have offered evidence to support their argument that the company's policy covers the company and the individuals. They argue that judgment against the non-debtors will trigger a right to the insurance proceeds (which are already fast dwindling as a result of this litigation). Because courts generally recognize insurance policy as "property" under 11 U.S.C. § 541(a)(1)--and thus find such

11

policies subject to an automatic stay pursuant to 11 U.S.C. § 362(a)(3)--the defendants' shared insurance contract arguably sweeps RS Lending and the individual defendants into the reach of the automatic stay.  See In re Davis, 730 F.2d 176, 184 (5th Cir. 1984) (per curiam) (concluding that an insurance policy may be property of the estate).

### 2. Whether the Court Should Stay Proceedings to Avoid Wasting Judicial Resources

The defendants also argue that, even if the Court were not required to stay the case under 11 U.S.C. 362(a), it should use its discretion to stay the case to avoid duplicative proceedings and the waste of judicial resources.  Although imposing the stay might pose some hardship on the plaintiffs, because the plaintiffs' allegations tie directly to RealtyShares, this case will limp along without RealtyShares's participation.  Indeed, although RS Lending sold notes to the plaintiffs, it did so through the RealtyShares platform, which is where the alleged misrepresentations appeared.  And, as discussed above, Athwal and Forst appear to be mostly liable as "control persons" of RealtyShares.  Dkt. 53 at 18 (citing Dkt. 11 ¶ 7).  Many documents that might be collected through discovery therefore likely exist in RealtyShares's custody and control.  Inevitably, RealtyShares will be dragged into the litigation, or the case will be forced to proceed piecemeal.  For this reason, the

principle of judicial economy counsels extending the stay to all parties to this case and suspending all deadlines.

### III. ORDER

For all of the reasons set forth above, the Court **ALLOWS** the defendants' motions to suspend deadlines and stay proceedings (Dkt No. 49 and No. 52) pending the bankruptcy proceedings.

### ORDER

SO ORDERED.

/s/ PATTI B. SARIS
Hon. Patti B. Saris
United States District Judge